IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco Division

| | |
|---|---|
| ADVANCED PLASMONICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UHNDER, INC., <br><br> *Defendant*. | Case No. 6:23-cv-00008-LY <br><br> JURY TRIAL DEMANDED |

**DEFENDANT UHNDER, INC.'S**
**ANSWER AND COUNTERCLAIMS**

Defendant Uhnder, Inc. ("Uhnder"), by and through its undersigned counsel, hereby answers and responds to each of the allegations of Advanced Plasmonics, Inc. ("Advanced Plasmonics" or "Plaintiff") in its Original Complaint ("Complaint") (Dkt. No. 1), as follows:

**NATURE AND BASIS OF ACTION**

1. Uhnder admits that Advanced Plasmonics' Complaint purports to state a claim for patent infringement of U.S. Patent No. 7,359,589 ("the '589 Patent"). The remaining allegations of paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 1 of the Complaint.

**PARTIES, JURISDICTION, AND VENUE**

2. Uhnder lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint, and on that basis denies them.

3. Uhnder admits that it is incorporated in Delaware and has an office at 3409 Executive Center Drive, Suite 205, Austin, TX 78731. The remaining allegations of paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 3 of the Complaint.

4. Uhnder admits that it has a registered agent in Texas located at 3409 Executive Center Drive, Suite 205, Austin, TX 78731. The remaining allegations of paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 4 of the Complaint.

5. The allegations of paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 5 of the Complaint.

6. Uhnder admits that it conducts business within the State of Texas and has an office in the Austin Division of this District. Uhnder denies that it has committed acts of infringement. The remaining allegations of paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 6 of the Complaint.

7. Uhnder admits that it conducts business within the State of Texas and within the Austin Division of this District. Uhnder denies that it has committed acts of infringement. The remaining allegations of paragraph 7 of the Complaint are legal

conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 7 of the Complaint.

8. Uhnder admits that it conducts business within the State of Texas and within the Austin Division of this District, and that it has a place of business in the Austin Division of this District. Uhnder denies that it has committed acts of infringement. The remaining allegations of paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 8 of the Complaint.

## ADVANCED PLASMONICS

9. Uhnder denies that Advanced Plasmonics has been a leading innovator in the field of integrated circuits for high frequency signal processing. Uhnder lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9 of the Complaint, and on that basis denies them.

10. To the extent paragraph 10 of the Complaint contains factual allegations, Uhnder denies them. To the extent paragraph 10 of the Complaint contains characterizations of the '589 Patent, such allegations are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 10 of the Complaint.

11. To the extent paragraph 11 of the Complaint contains factual allegations, Uhnder denies them. To the extent paragraph 11 of the Complaint contains characterizations of the '589 Patent, such allegations are legal conclusions to which no

response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 11 of the Complaint.

13. Uhnder admits that certain of its personnel were authors of a publication entitled "A 192-Virtual-Receiver 77/79GHz GMSK Code-Domain MIMO Radar System-on-Chip" that contains the phrase "implemented in a CMOS 28nm HPC technology and packaged in a Fan-Out Wafer-Level Package." Except as expressly admitted, Uhnder denies the allegations of paragraph 12 of the Complaint.

## U.S. PATENT NO. 7,359,589

13. Uhnder admits that the '589 Patent purports to have been issued on April 15, 2008, and is entitled "Coupling electromagnetic wave through microcircuit." Except as expressly admitted, Uhnder denies the allegations of paragraph 13 of the Complaint.

14. Uhnder admits that Exhibit A to the Complaint purports to be a copy of the '589 Patent. Except as expressly admitted, Uhnder denies the allegations of paragraph 14 of the Complaint.

15. Uhnder lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint, and on that basis denies them.

16. The allegations of paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 16 of the Complaint.

17. Uhnder admits that the '589 Patent purports to have 23 claims, of which claims 1, 11, and 18 purport to be independent. Except as expressly admitted, Uhnder denies the allegations of paragraph 17 of the Complaint.

18. Uhnder admits that paragraph 18 of the Complaint purports to reproduce the language of claim 11 of the '589 Patent. Except as expressly admitted, Uhnder denies the allegations of paragraph 18 of the Complaint.

## COUNT I
## ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,359,589

19. Uhnder incorporates by reference its responses to the allegations of the above paragraphs as though fully set forth herein.

20. Uhnder denies the allegations of paragraph 20 of the Complaint.

21. Uhnder denies the allegations of paragraph 21 of the Complaint.

22. Uhnder admits that the image reproduced in paragraph 22 of the Complaint is a portion of the document that was accessible at https://www.uhnder.com/images/data/S80_PTB_Rev1.0_May_5_2022_.pdf as of the date of the Complaint. Except as expressly admitted, Uhnder denies the allegations of paragraph 22 of the Complaint.

23. Uhnder denies the allegations of paragraph 23 of the Complaint.

24. Uhnder denies the allegations of paragraph 24 of the Complaint.

25. Uhnder denies the allegations of paragraph 25 of the Complaint.

26. Uhnder admits that it first learned of the existence of the '589 Patent no earlier than the date it received the Complaint. Except as expressly admitted, Uhnder denies the allegations of paragraph 26 of the Complaint.

27. Uhnder denies the allegations of paragraph 27 of the Complaint.

28. Uhnder denies the allegations of paragraph 28 of the Complaint.

29. Uhnder denies the allegations of paragraph 29 of the Complaint.

30. Uhnder denies the allegations of paragraph 30 of the Complaint.

31. Uhnder denies the allegations of paragraph 31 of the Complaint.

32. The allegations of paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, Uhnder denies the allegations of paragraph 32 of the Complaint.

33. Uhnder denies the allegations of paragraph 33 of the Complaint.

## COUNT II
## ALLEGED INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,359,589

34. Uhnder incorporates by reference its responses to the allegations of the above paragraphs as though fully set forth herein.

35. Uhnder denies the allegations of paragraph 35 of the Complaint.

36. Uhnder denies the allegations of paragraph 36 of the Complaint.

37. Uhnder denies the allegations of paragraph 37 of the Complaint.

38. Uhnder admits that it first learned of the existence of the '589 Patent no earlier than the date it received the Complaint. Except as expressly admitted, Uhnder denies the allegations of paragraph 38 of the Complaint.

39. Uhnder denies the allegations of paragraph 39 of the Complaint.

40. Uhnder denies the allegations of paragraph 40 of the Complaint.

41. Uhnder denies the allegations of paragraph 41 of the Complaint.

42. Uhnder denies the allegations of paragraph 42 of the Complaint.

43. Uhnder denies the allegations of paragraph 43 of the Complaint.

44. The allegations of paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent that any response to such allegations may be

deemed required, Uhnder denies the allegations of paragraph 44 of the Complaint.

45. Uhnder denies the allegations of paragraph 45 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Uhnder denies that Plaintiff is entitled to any relief whatsoever from Uhnder or this Court, either as requested in the Complaint or otherwise. To the extent Plaintiff's prayer for relief includes any factual or legal allegations, Uhnder denies such allegations.

## DEFENSES

46. Subject to its above responses, Uhnder hereby asserts the following affirmative defenses, without assuming any burden of proof or persuasion on any issue, whether in whole or in part, where such burden(s) would otherwise be borne by Plaintiff. Uhnder expressly reserves the right to assert additional defenses that become known during the litigation.

### First Defense
### (Failure to State a Claim)

47. With respect to each purported claim for relief alleged in the Complaint, Plaintiff fails to allege facts sufficient to state a claim against Uhnder upon which relief may be granted.

### Second Defense
### (Lack of Standing)

48. Plaintiff lacks standing to bring its claims.

### Third Defense
### (No Patent Infringement)

49. Uhnder has not infringed any claim of the '589 Patent, literally or under the doctrine of equivalents, directly or indirectly.

### Fourth Defense
### (Patent Invalidity/Unenforceability)

50. Each of the claims of the '589 Patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 102 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, 112, 116, and 282.

### Fifth Defense
### (Prosecution History Estoppel)

51. Plaintiff is estopped from construing any valid claim of the '589 Patent to cover or include, either literally or by application of the doctrine of equivalents, any of Uhnder's products or processes because of statements made to the U.S. Patent and Trademark Office during the prosecution of the applications which led to the issuance of the '589 Patent.

### Sixth Defense
### (Equitable Defenses)

52. Plaintiff's claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, acquiescence, and/or unclean hands.

### Seventh Defense
### (No Damages)

53. Plaintiff's claims are barred, in whole or in part, because Uhnder has not caused Plaintiff any damages and Plaintiff has suffered no damages, or, if Plaintiff did suffer any injury or damages, which is expressly denied, then said injury or damages resulted from Plaintiff's own acts and/or omissions.

### Eighth Defense
### (Not an Exceptional Case)

54. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Uhnder pursuant to 35 U.S.C. § 285.

### Ninth Defense
### (No Injunctive Relief)

55. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff would have an adequate remedy at law if it could establish liability, and/or public policy concerns would weigh against any injunctive relief.

### Tenth Defense
### (No Enhanced Damages)

56. Plaintiff cannot prove that any alleged infringement of the '589 Patent, which is expressly denied, has been egregious, willful, and deliberate justifying an award of enhanced damages against Uhnder pursuant to 35 U.S.C. § 285 or 15 U.S.C. § 1117(b).

### Eleventh Defense
### (No Pre-Suit Knowledge)

57. Plaintiff's claims for pre-suit indirect infringement and pre-suit willful infringement fail because Uhnder learned of the existence of the '589 Patent no earlier than the date it received Complaint.

### Reservation of Rights

58. Uhnder hereby gives notice that it intends to rely upon any other defense that may become available or come to light in this case, and hereby reserves the right to amend this Answer to assert any such defense.

### Uhnder's Demand for Relief on Plaintiff's Claims

59. Uhnder respectfully requests the following relief:

   a. a judgment in favor of Uhnder, and against Plaintiff, on all of Plaintiff's claims against Uhnder, with Plaintiff being awarded no relief of any kind, including but not limited to its request for damages and injunctive relief;

   b. an order that the '589 Patent is invalid;

   c. an order finding that this is an exceptional case and awarding Uhnder its costs, expenses, disbursements, and reasonable attorneys' fees in defending against Plaintiff's claims under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

   d. such other relief, in law or equity, as this Court deems just and proper.

### Uhnder's Demand for Jury Trial

60. Uhnder demands trial by jury.


Dated: March 17, 2023

By: /s/ Andrew D. Gish
Andrew D. Gish
andrew@gishpllc.com
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-2000

*Counsel for Defendant Uhnder, Inc.*

## CERTIFICATE OF SERVICE

  I certify that on March 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                  */s/ Andrew D. Gish*
                  Andrew D. Gish