IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ADVANCED PLASMONICS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> UHNDER, INC., <br><br> *Defendant.* | Case No. 6:23-cv-00008-RP |

**[PROPOSED] AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **July 14, 2023**, specifying (a) the status of settlement discussions between the parties; and (b) the parties' plan for completing ADR not later than 60 days before the trial date.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **June 30, 2023**.

3. The parties shall serve initial disclosures on or before **June 23, 2023**.

4. Fact discovery shall commence on _____.

5. The parties may amend or supplement pleadings or to join additional parties on or before **July 31, 2023**. Such amendment after this date requires leave of court.

6. On or before **August 18, 2023,** Plaintiff shall serve a disclosure of asserted claims and preliminary infringement contentions (and accompanying document production)

containing the following information: (1) a chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality; (2) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality; (3) for any claims the Plaintiff contends are entitled to a priority date that is earlier than the asserted patent's filing date, the Plaintiff must provide the priority date and the basis and evidence supporting that date; (4) documents sufficient to evidence each discussion with, disclosure to, or any other manner of providing to a third party, or sale or offer to sell, the claimed invention prior to the date of application for the asserted patents; (5) documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of the application for the asserted patents or any earlier priority date claimed to be applicable; and (6) a copy of the file history for each patent-in-suit.

7. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **June 23, 2023**, and each opposing party shall respond, in writing, on or before **July 7, 2023**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

8. On or before **October 20, 2023** Defendant shall serve its preliminary invalidity contentions (and accompanying document production) containing the following information: (1) a chart identifying where specifically and in detail in each alleged item of prior art each element of each asserted claim is found: (2) any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description

under 35 U.S.C. § 112(1); (3) source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by plaintiff in its preliminary infringement contentions; and (4) a copy of each item of prior art identified in subparagraph (1) herein that does not appear in the file history of either patent-in-suit (to the extent any such item is not in English, an English translation of each portion relied upon must be produced).

9. The parties shall exchange claim terms to be construed on or before **November 9, 2023**.

10. The parties shall exchange proposed claim constructions on or before **November 23, 2023**. At the same time the parties exchange their respective proposed claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. With respect to any percipient or expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

11. The parties shall file opening claims construction briefs on or before **January 25, 2023**.

12. The parties shall file responsive claims construction briefs on or before **February 22, 2023**.

13. The Court shall hold a claim construction hearing on _____.

14. Fact discovery ends:

    a. If the Court adopts Plaintiff's proposal for the start of fact discovery: **45 days after issuance of the claim construction order** (assuming fact discovery

      opens with or around service of the parties' Rule 26 initial disclosures).

    b. If the Court adopts Defendant's proposal for the start of fact discovery: **120 days after the issuance of the claim construction order**.

15. All parties, on issues on which they have the burden, may file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **30 days after the end of fact discovery**. Parties in response to those issues may file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **60 days after the end of fact discovery**.

16. The parties shall complete all expert discovery on or before **75 days after the end of fact discovery**.

17. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be mode by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **by the deadline for dispositive motions**.

18. All dispositive motions shall be filed on or before **80 days after the close of expert discovery** and shall be limited to 20 pages. Responses shall be filed and served on all other parties no later than 21 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties no later than 10 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

19. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult

Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

By filing an agreed motion, the parties may request that this Court extend any deadline set in this Order, with the exception of the dispositive motions deadline and trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submission under this Order.

SIGNED on _____, 20\_\_\_\_.

_____
THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ADVANCED PLASMONICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UHNDER, INC., <br><br> *Defendant*. | Case No. 6:23-cv-00008-RP |

**NOTICE CONCERNING REFERENCE**
**TO UNITED STATES MAGISTRATE JUDGE**

In accordance with the provision of 28 U.S.C. § 626(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party _____ through counsel _____

\_\_ consents to having a United States Magistrate Judge preside over the trial in this case.

\_\_ declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,